ALCAIDE, DEMANDANTE Y APELADA, *v.* ALCAIDE, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama
en pleito sobre petición de alimentos.

No. 2702.—Resuelto en mayo 8, 1922.

ALIMENTOS—EMANCIPACIÓN POR MATRIMONIO.—Procede dejar sin efecto una sentencia que condenó a un padre a pasar alimentos a su hija menor cuando el padre solicitante prueba que la alimentista quedó emancipada por haber contraído matrimonio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Soto Gras & Siaca.*

Abogado de la apelada: *Sr. M. Benítez Flores.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La Corte de Distrito de Guayama dictó sentencia en el año 1916 condenando a Simón Antonio Alcaide a pasar una pensión alimenticia mensual a su hija natural menor de edad María de los Dolores Alcaide y Morales. En 1921 Simón Antonio Alcaide compareció ante la misma corte y acreditando el matrimonio de la alimentista pidió que se dejara sin efecto la sentencia dicha por haber quedado emancipada su hija por el matrimonio. No consideró la corte suficiente esa alegación y declaró sin lugar la petición, resolución que ha sido apelada por el padre.

El artículo 223 del Código Civil impone a los padres como uno de los efectos de la patria potestad el deber de alimentar a sus hijos no emancipados, deber que consiguientemente cesa cuando los hijos se emancipan, y como el artículo 309 declara que el menor, sea varón o hembra, queda emancipado por el matrimonio, es evidente que habiendo contraído matrimonio María de los Dolores Alcaide y Morales quedó de derecho emancipada de la patria potestad de su padre y que por tanto cesó la obligación de éste de seguir alimentándola como hija no emancipada. Esto es todo lo que el apelante tenía que alegar y probar para quedar relevado de

los efectos de la sentencia que contra él se había dictado, pues si a pesar de tal emancipación la hija tiene necesidad de alimentos su reclamación no puede basarse en la obligación impuesta al padre por el artículo 223 citado de alimentar a los hijos no emancipados sino en el título del Código Civil que trata de los alimentos entre parientes y sólo podría dirigirla contra el padre en el caso ·de que no pudiera mantenerla su esposo, quien según el artículo 213 es el obligado en primer término a suministrarle los alimentos, ni tenga descendiente que pueda mantenerla ·porque esas personas tienen esa obligación antes que los ascendientes, de acuerdo con el artículo 214 del mismo código.

La resolución apelada debe ser revocada.

> *Revocada la resolución apelada y sin efecto la sentencia concediendo alimentos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.